### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DISPLAY TECHNOLOGIES, LLC,**<br><br>         **Plaintiff,**<br><br>**vs.**<br><br>**INFORMED DATA SYSTEMS, INC.,**<br>**d/b/a One Drop,**<br><br>                    **Defendant.** | **Case No: 1:22-cv-00441-JMF**<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

### MEMORANDUM OF LAW IN SUPPORT OF
### MOTION TO DISMISS UNDER FRCP 12(b)(6) OF
### DEFENDANT INFORMED DATA SYSTEMS, INC., D/B/A ONE DROP

# TABLE OF CONTENTS

**Page**

INTRODUCTION AND SUMMARY OF ARGUMENT ............................................................ 1

NATURE AND STAGE OF PROCEEDINGS ............................................................ 1

BACKGROUND ............................................................ 2

THE ALLEGATIONS OF THE COMPLAINT ............................................................ 3

LEGAL STANDARD ............................................................ 5

ARGUMENT ............................................................ 7

      I.      The Accused Glucose Monitor and Associated Cell Phone Application Cannot Plausibly be the Claimed "Media System" ............................................................ 9

      II.     One Drop's Glucose Monitor is not a Media Node. ............................................................ 10

      III.    Blood Sugar Levels Detected by the Accused Glucose Monitor Cannot be the Claimed "Digital Media File" ............................................................ 11

CONCLUSION ............................................................ 12

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)........................................................................................5, 6, 10

*Atlas IP, LLC v. Exelon Corp.,*
189 F. Supp. 3d 768 (N.D. Ill. 2016), *aff'd sub nom.*, *Atlas IP, LLC v.*
*Commonwealth Edison Co.*, 686 F. App'x 921 (Fed. Cir. 2017) ............................6

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007)........................................................................................5, 6, 10

*Cumberland Pharms. Inc. v. Sagent Agila LLC,*
No. 12-825, 2013 WL 5913742 (D. Del. Nov. 1, 2013)..........................................7

*Display Techs., LLC v. Aston Martin LLC,*
Case No. 20-cv-00258 (D. Del. Feb. 23, 2020) ......................................................1

*Display Techs., LLC v. Aston Martin, LLC,*
Case No. 20-cv-00258 (D. Del. Aug. 5, 2021) ........................................................2

*Display Techs., LLC v. Canon U.S.A., Inc.,*
Case No. 17-cv-00192 (E.D. Tex. Mar. 13, 2017)...................................................1

*Display Techs., LLC v. Etekcity Corporation,*
Case No. 22-cv-00062 (C.D. Cal. Jan. 12, 2022) ...................................................1

*Display Techs., LLC v. LG Electronics USA, Inc.,*
Case No. 17-cv-00069 (E.D. Tex. Jan. 23, 2017)....................................................1

*Display Techs., LLC v. Paedae, Inc.,*
20-cv-11287 (C.D. Cal. Dec. 14, 2020)...................................................................1

*e.Digital Corp. v. iBaby Labs, Inc.,*
No. 15-cv-05790, 2016 WL 4427209 (N.D. Cal. Aug. 22, 2016) ...........................6

*Laitram Corp. v. Rexnord, Inc.,*
939 F.2d 1533 (Fed. Cir. 1991)...............................................................................6

*N. Star Innovations, Inc. v. Micron Tech., Inc.,*
No. 17-506, 2017 WL 5501489 (D. Del. Nov. 16, 2017)........................................6

*Ottah v. BMW,*
230 F. Supp. 3d 192 (S.D.N.Y. 2017), *aff'd sub nom.*, *Ottah v. Fiat Chrysler,*
884 F.3d 1135 (Fed. Cir. 2018)........................................................................6, 8, 9

## TABLE OF AUTHORITIES
### (continued)

<b>Page(s)</b>

*Ottah v. Fiat Chrysler*,
  884 F.3d 1135 (Fed. Cir. 2018)........................................................................ passim

*Pension Ben. Guar. Corp. ex rel. St. Vincent Cath. Med. Centers Ret. Plan v.
  Morgan Stanley Investment Management Inc.*,
  712 F.3d 705 (2d Cir. 2013).............................................................................5, 6

*Pop Top Corp. v. Nook Digital, LLC*,
  No. 20-CV-6598, 2022 WL 193064 (S.D.N.Y. Jan. 21, 2022) ................................7

*Steven Madden, Ltd. v. Yves Saint Laurent*,
  No. 18-CV-7592, 2019 WL 2023766 (S.D.N.Y. May 8, 2019) ...............................5

**STATUTES**

35 U.S.C. § 271 ....................................................................................................3

**RULES**

Fed. R. Civ. P. 12(b)(6)...................................................................................1, 5, 10

Fed. R. Civ. P. 84 ..................................................................................................5

### INTRODUCTION AND SUMMARY OF ARGUMENT

Informed Data Systems, Inc. d/b/a One Drop ("One Drop") moves under Rule 12(b)(6) to dismiss Count I of Display Technologies, LLC's ("Display Techs's") Complaint.

Display Techs fails to plausibly allege infringement of U.S. Patent No. 9,300,723 (the "'723 Patent").  Display Techs identifies a single claim of the '723 Patent (claim 1) that is allegedly infringed by One Drop.  Claim 1 is directed to a "media system" having a "media file" that is exchanged between a "media node" and a "media terminal."  But as Display Techs recognizes, One Drop *does not* operate in media; it operates the world's leading diabetes management platform, which includes glucose monitoring devices interfacing with a cell phone application.  While Display Techs has alleged without support or reason that a glucose monitor and related software are a "media system" as described in Claim 1, this Court need not, and should not, accept such facially flawed allegations and permit the suit to go forward.  The Court should dismiss this sole count of infringement in the Complaint with prejudice.

### NATURE AND STAGE OF PROCEEDINGS

Display Techs has filed nearly seventy separate infringement actions involving the '723 Patent in the last five years, including the instant case filed in January 2022.[1]  Display Techs has asserted that the claimed "media system" of the '723 Patent is infringed by a panoply of consumer products and services, including digital cameras[2], proximity marketing[3], cell phones[4], blood pressure monitors[5], and even automobiles.[6]  As one Federal District Court Judge observed

---

[1] *See* Ex. 1 - List of cases involving '723 Patent.  Citations to "Ex.__" refer to the exhibits attached to the Declaration of Matthew J. Moffa concurrently filed herewith.
[2] *Display Techs., LLC v. Canon U.S.A., Inc.*, Case No. 17-cv-00192 (E.D. Tex. Mar. 13, 2017), ECF No. 1.
[3] *Display Techs., LLC v. Paedae, Inc.*, 20-cv-11287 (C.D. Cal. Dec. 14, 2020), ECF No. 1.
[4] *Display Techs., LLC v. LG Electronics USA, Inc.* Case No. 17-cv-00069 (E.D. Tex. Jan. 23, 2017), ECF No. 1.
[5] *Display Techs., LLC v. Etekcity Corporation*, Case No. 22-cv-00062 (C.D. Cal. Jan. 12, 2022), ECF No. 1.
[6] *Display Techs., LLC v. Aston Martin LLC*, Case No. 20-cv-00258 (D. Del. Feb. 23, 2020), ECF No. 1.

in a case involving the '723 Patent, "Plaintiff's business model does not involve actual litigation of cases," but instead, "[t]he goal is simply a 'nuisance-value' settlement."[7]

 This case is no different.  After reviewing the Complaint, One Drop alerted Display Techs that its infringement allegations against the accused diabetes monitoring systems were unfounded, including for reasons discussed herein.  *See* Ex. 3.  One Drop asked Display Techs to dismiss its infringement claim under the '723 Patent.  Display Techs never responded to the letter.

**BACKGROUND**

 The '723 Patent is titled "Enabling Social Interactive Wireless Communications."  ECF No. 1-1 ('723 Patent).  The patent specification describes portable media devices such as "mobile telephones, cellular telephones, portable MP3 players, handheld or portable game consoles" on which users "carry around their media files, such as, for example, digital photo albums, family videos, and/or favorite music tracks."  *See id.* 1:24-36.  The patent further explains that users may desire to transfer media files from the portable media devices to other electronics (such as a personal computer) which may provide improved viewing, listening and/or editing capabilities.  *See id.* 1:37-51.  Accordingly, the patent explains that it would be "advantageous if the digital media communication protocol of the present specification is structured to facilitate transferring or transmitting one or more digital media files between two or more media devices."  *See id.* 1:52-64.

 Consistent with these teachings, Claim 1 of the '723 Patent covers a "media system" containing *inter alia* at least one "media node" wirelessly communicating with at least one

---

[7] *See* Ex. 2 - Order at 2, *Display Techs., LLC v. Aston Martin, LLC*, Case No. 20-258 (D. Del. Aug. 5, 2021), ECF No. 24.  Among the handful of cases the Judge reviewed, at least two ended with "walk-away" agreements (i.e., with no settlement payment).

"media terminal" to transmit and display at least one "digital media file" on one of the media terminals.  Claim 1 of the '723 patent is presented below, with certain limitations relevant to this motion emphasized with bold underline:

> 1. A **media system**, comprising:
>
> at least one media terminal disposed in an accessible relation to at least one interactive computer network,
>
> a wireless range structured to permit authorized access to said at least one interactive computer network,
>
> **at least one media node** disposable within said wireless range, wherein said at least one media node is detectable by said at least one media terminal,
>
> **at least one digital media file initially disposed on** at least one of said at least one media terminal or **said at least one media node**, said at least one media terminal being structured to detect said at least one media node disposed within said wireless range,
>
> a communication link structured to dispose said at least one media terminal and said at least one media node in a communicative relation with one another via said at least one interactive computer network,
>
> said communication link being initiated by said at least one media terminal,
>
> **said at least one media node and said at least one media terminal being structured to transmit said at least one digital media file therebetween via said communication link**, and
>
> said communication link is structured to bypass at least one media terminal security measure for a limited permissible use of the communication link by the media node to only **transferring the at least one digital media file to, and displaying the at least one digital media file on, the at least one media terminal**.

### THE ALLEGATIONS OF THE COMPLAINT

Display Techs accuses One Drop of infringing "at least Claim 1" of the '723 Patent under 35 U.S.C. § 271 by *inter alia* making, using, and/or selling "the One Drop health application, One Drop Glucose monitor, associated software, hardware and/or apps" (which it collectively calls the accused "Product"). ECF No. 1 ("Complaint") ¶13.  The below are images of the

glucose monitor, alone (left) and shown interfacing with applications on a cell phone and a smart watch (right), both taken from a One Drop webpage cited in the Complaint:[8]




Specifically, Display Techs alleges that the claimed "media system" is a "health app," Complaint ¶14, even though the media system of claim 1 must include hardware such as media terminals and media nodes that are plainly not part of a "health app."  Further, as the One Drop webpages cited in the Complaint recognize, the "health app" has nothing to do with media: it is a smartphone application that receives blood sugar (glucose) readings from the glucose monitor and presents those results to users.  *See* Ex. 5 (onedrop.today/blogs/support/meter-setup webpage cited at, *e.g.*, Complaint ¶15).

Display Techs further alleges that the claimed "media node" is a "medical device," which is more specifically identified as the glucose monitor shown in the left image above.  Display Techs does not identify any "digital media file" used in the system, and points only to medical data collected by the glucose monitor.  *See* Complaint ¶¶17-18.  There is no allegation in the Complaint, nor suggestion in the materials Display Techs cites in the complaint, that the glucose

---

[8] *See* Complaint ¶14 (citing Ex. 4, https://onedrop.today/products/glucose-meter-kit).

monitor is capable of collecting and transferring media data, or in fact any data other than measured blood sugar information.

Based on the transmission of blood sugar measurements by a glucose monitor to a cell phone (and the reflection of those measurements in the One Drop app), Display Techs concludes infringement.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed for failure to allege facts sufficient to show plausible entitlement to relief under a cognizable legal theory.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Courts in this Circuit apply the standard of *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) to claims of direct patent infringement filed subsequent to the December 2015 abrogation of Federal Rule of Civil Procedure 84.  *See Steven Madden, Ltd. v. Yves Saint Laurent*, No. 18-CV-7592, 2019 WL 2023766, at *4 (S.D.N.Y. May 8, 2019); *see also Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141 (Fed. Cir. 2018) (applying *Twombly/Iqbal* on review of patent infringement case dismissed under Rule 12(b)(6)).

Under the *Twombly/Iqbal* standard, the court separates the factual and legal elements of a claim; it must accept all of the complaint's well-pleaded facts as true, but is not bound by any legal conclusions.  *Pension Ben. Guar. Corp. ex rel. St. Vincent Cath. Med. Centers Ret. Plan v. Morgan Stanley Investment Management Inc.*, 712 F.3d 705, 717 (2d Cir. 2013).

A claim must be dismissed unless the claimant alleges facts in the complaint sufficient to show a "plausible claim for relief."  *Iqbal*, 556 U.S. at 679.  A plausible claim must do more than merely allege entitlement to relief; it must demonstrate the basis for that entitlement with facts.  *See Pension Ben.*, 712 F.3d at 718 (The "facial plausibility prong requires the plaintiff to plead facts allowing the court to draw the reasonable inference that the defendant is liable." (cleaned

up)). The *Twombly/Iqbal* standard serves in part to discourage litigations seeking 'nuisance-value' settlements; as the Supreme Court acknowledged, when a plausibility threshold is not enforced at the pleading stage, "the threat of discovery expense will push cost-conscious defendants to settle even anemic cases before reaching [summary judgment] proceedings." *Twombly*, 550 U.S. at 559; *see Pension Ben.*, 712 F.3d at 719.

In a patent infringement case, the claimant must plead facts that plausibly indicate that the accused products practice each limitation of at least one asserted claim. *See, e.g., e.Digital Corp. v. iBaby Labs, Inc.*, No. 15-cv-05790, 2016 WL 4427209, at *3 (N.D. Cal. Aug. 22, 2016) ("This is because 'the failure to meet a single limitation is sufficient to negate infringement of [a] claim.'" (alteration in original) (quoting *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991)); *see also Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 775 (N.D. Ill. 2016) ("[F]actual allegations that do not permit a court to infer that the accused product infringes each element of at least one claim are not suggestive of infringement—they are merely compatible with infringement."), *aff'd sub nom.*, *Atlas IP, LLC v. Commonwealth Edison Co.*, 686 F. App'x 921 (Fed. Cir. 2017). "After all, if it is not plausible, after reading a complaint, that the accused infringer's product reads on a limitation in the one asserted claim from a patent-in-suit, then it is not plausible that the accused infringer actually infringes the patent claim (or the patent)." *N. Star Innovations, Inc. v. Micron Tech., Inc.*, No. 17-506, 2017 WL 5501489, at *1 (D. Del. Nov. 16, 2017).

Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Federal Courts, including this Court, have appropriately dismissed implausible infringement claims at the Rule 12 stage. *See, e.g., Ottah v. BMW*, 230 F. Supp. 3d

192 (S.D.N.Y. 2017) (rear-facing vehicle camera and mount assembly could not plausibly infringe claims to a book holder; discussed in greater detail below), *aff'd sub nom*., *Ottah v. Fiat Chrysler*, 884 F.3d 1135 (Fed. Cir. 2018); *Pop Top Corp. v. Nook Digital, LLC*, No. 20-CV-6598, 2022 WL 193064, at *3, n.6 (S.D.N.Y. Jan. 21, 2022) (allegation that executable code for highlighting e-books was downloaded with each e-book belied by subsequent factual allegations showing that the code existed in reader application and implausibility that such code would be redistributed with every book); *Cumberland Pharms. Inc. v. Sagent Agila LLC*, No. 12-825, 2013 WL 5913742, at *3 (D. Del. Nov. 1, 2013) (dismissing an infringement claim when the patent expressly required a formulation "free of a chelating agent," and the accused product admittedly contained a chelating agent).

## ARGUMENT

Plaintiff Display Techs implausibly alleges that its patent on a media system is literally infringed by Defendant One Drop's glucose monitor and associated smartphone application.[9] A careful study of its allegations—as to any of at least three separate limitations from Claim 1—demonstrate multiple, common-sense failings in its infringement case, each of which is fatal. Ultimately, this is another of the "'nuisance-value' settlement" cases that Judge Andrews recognized are Display Techs's business model, and this case should appropriately be dismissed with prejudice.

The Federal Circuit has held that infringement allegations that rest on implausible interpretations of claim limitations are appropriately dismissed at the pleadings stage.  *See Fiat Chrysler*, 884 F.3d at 1141-42.

---

[9] The complaint only alleges that One Drop itself "infringe[s]," and does not allege that any indirect, induced, contributory infringement has occurred.  *See, e.g.,* Complaint ¶13.  The complaint also does not allege any infringement under the doctrine of equivalents.  Accordingly, One Drop's arguments regarding direct and literal infringement are case-dispositive.

In *Ottah v. BMW*, this Court granted a motion to dismiss patent infringement claims against five automobile manufacturers for failing to state a plausible claim of infringement.  *See* 230 F. Supp. 3d 192.  The inventor and *pro se* plaintiff, Ottah, held a patent covering a "book holder for removable attachment" having a "support platform," a "plurality of clamps" to hold the book to the platform, as well as a telescoping arm for adjusting the reading position of the book.  *See id.* at 194-95.  Ottah accused automobile manufacturers of infringing his patent based on the rear-mounted cameras in their vehicles.  *Id.* at 196.  Several of the manufacturers moved to dismiss, arguing that the Ottah patent claims a *book* holder, and not a camera and any associated camera-holding structure.  *Id.*  The manufacturers argued that the infringement allegations were implausible.  *Id.*  This Court agreed, and the Federal Circuit affirmed *sub nom*. *See Fiat Chrysler*, 884 F.3d at 1141-42 ("The district court correctly found that the 'book holder' cannot plausibly be construed to include or be equivalent of a camera holder, in view of the specification and the prosecution history.").

Here, Display Techs's allegations are even *less* tenable. Plaintiff Ottah was afforded two benefits not available to Display Techs: he was a *pro se* plaintiff, so his allegations received the most "liberal[] constru[ction]," and he also alleged infringement by the doctrine of equivalents, meaning that the alleged infringement could either be based on the literal meaning of the claim terms, but also any "substantial equivalent" which "perform[s] the same function in substantially the same way, and accomplish[es] substantially the same result."  *BMW*, 230 F.Supp. 3d at 196 (citation omitted).  Yet this Court still dismissed, finding the infringement allegations against vehicle-mounted cameras were "inconsistent with the plain language" of the patent.  *Id.* at 197.

Much like Ottah, Plaintiff Display Techs improperly attempts to take a patent which by its plain language covers one type of system (a media system) and read it onto a wholly different

system.  This Court's approach from *Ottah v. BMW*, affirmed by the Federal Circuit, is also

appropriate here: dismiss the complaint up-front so that One Drop is not forced to defend further

indefensible infringement allegations. For at least the following limitations, Display Techs's

infringement allegations fail under any plausible literal understanding of claim 1 of the '723

Patent, and there is no reason to believe they can be cured by amendment.

I.     **The Accused Glucose Monitor and Associated Cell Phone Application Cannot
       Plausibly be the Claimed "Media System"**

Claim 1 of the '723 Patent is directed in its entirely to "[a] media system."  From the

start, the Complaint is fatally unclear as to what Display Techs alleges is this "media system."  In

one confusing allegation, Display Techs claims that "the Product" (defined by Display Techs as

all of "the One Drop health application, One Drop Glucose monitor, associated software,

hardware and/or apps") "*is* a media system." Complaint ¶¶13-14 (emphasis added).  But, shortly

thereafter, Display Techs alleges that "[t]he Product *includes* a media system" which is later

identified as the "health app."  Complaint ¶14 (emphasis added).  Of course, a "health app" alone

cannot be a media system because that system must include *inter alia* media terminal(s), media

node(s), and a communication link.  *See* '723 Patent, Claim 1.  But, as below, those are not found

in "the Product" either

Liberally construing the Complaint and assuming the entirety of "the Product" is the

alleged media system, the Complaint fails at the first limitation because there is no plausible

allegation that a glucose monitoring device and corresponding application have anything to do

with "media" as the word is commonly understood (i.e., to mean audio or video content---

multimedia).  The use of the term "media" in the patent's specification confirms this common

understanding.  *See, e.g.,* '723 Patent at 1:24-51 ("media files" include "digital photo albums,

family videos, and/or favorite music tracks.").  And it is apparent that when the Patent Office

Examiner allowed the '723 Patent claims over review of the prior art, the Examiner understood media in the same way and performed searches including the terms "video," "audio," and "multimedia."  *See* Ex. 6 (Aug. 13, 2015 Examiner Search Results);[10] *see also Fiat Chrysler*, 884 F.3d at 1141 ("The record suggests that the limitation of claim 1 to books served to limit the scope of examination to prior art book holders, as reflected in the prosecution history.").  The claimed media system "cannot plausibly be construed to" read on the One Drop glucose monitor and supporting software "in view of the specification and the prosecution history," and so dismissal under Rule 12(b)(6) is appropriate.  *See id.* at 1141-42.

## II.     One Drop's Glucose Monitor is not a Media Node.

The media system of Claim 1 includes "at least one media node" on which "digital media file[s]" may be disposed.  The claimed media node further transfers via a communication link at least one digital media file to a media terminal for display thereupon.  The allegations in the Complaint are unambiguous for these limitations: the "medical device" (glucose monitor) corresponds to the media node.  *E.g.,* Complaint ¶14.  That allegation defies common sense.

There is no plausible factual allegation in the Complaint that One Drop's glucose monitor is in any way capable of storing, displaying, transmitting, or otherwise interacting with media. The One Drop materials on which Display Techs relies leave no doubt as to what the glucose monitor does: it allows users to "[c]heck" (i.e., measure) "[their] blood sugar" and "watch the results automatically transfer to the One Drop app."  *See* Ex. 5.[11]  And the glucose monitor is plainly not akin to the media nodes described in the specification—"cellular or mobile

---

[10] A patent's prosecution history may be considered by the Court on a motion to dismiss under *Iqbal* and *Twombly*. *See Fiat Chrysler*, 884 F.3d at 1142.
[11] Although the implausibility of Display Techs's infringement claims are apparent on the face of the Complaint, public materials cited in-part by Display Techs within the Complaint further underscore the absurdity of their allegations.  The Court is entitled to take notice of the full contents of these materials as they are partially referenced or discussed in the Complaint.  *See Twombly*, 550 U.S. at 568, n. 13.

telephone[s], PDA[s], portable mp3 player[s], laptop[s], … notebook computer[s]," or "desktop

computer[s]." '723 Patent at 2:49-57.  While Display Techs may try to emphasize similarities

between the glucose monitor and, for example, a cell phone, the claim's limitation to a *media*

node is what matters. *See Fiat Chrysler*, 884 F.3d at 1141 ("[C]laim 1 is explicitly limited to

books, although Ottah states, and the specification supports, that other items may be supported

by the book platform.").  Dismissal is therefore warranted.

### III.    Blood Sugar Levels Detected by the Accused Glucose Monitor Cannot be the Claimed "Digital Media File"

To infringe asserted claim 1, a "digital media file" must initially be disposed on a "media

node(s)" and/or a "media terminal(s)."  The media node and media terminal are "structured to

transmit [the] at least one digital media file therebetween," and the media terminal is capable of

"displaying the at least one digital media file."  Display Techs identifies "health data" initially

disposed on the "medical device/monitor" as the claimed "digital media file."  Complaint ¶18.

This allegation fails under any plausible reading of Display Techs's claim.

If it were not obvious from context in the Complaint, the One Drop materials cited

therein confirm the "health data" is simply a blood sugar (glucose) measurement.  *See* Ex. 5.

The image following paragraph 18 of the complaint shows this value ("110") on both the glucose

monitor and a cell phone display.  Nothing in the Complaint, the supporting materials, or

common sense justifies mapping a single measured biological value to a "digital *media* file."

Again, the kinds of digital media files in the '723 patent specification (such as pictures, videos,

audio files, and games) confirm the plain understanding of the claim term is appropriate.  *See*

*also* '723 Patent, Claim 7 ("The system of claim 1 wherein the at least one digital media file is at

least one of an image file, video file, gaming file, and a streaming video file.").  Given that plain

understanding, One Drop's glucose monitoring system cannot infringe the "digital media file"

limitations, and allowing the case to proceed into discovery and claim construction will not change that conclusion.

## CONCLUSION

For the foregoing reasons, One Drop requests that this Court dismiss with prejudice Count I, the sole claim of Display Techs's Complaint.

Dated: March 14, 2022

Respectfully submitted,

Perkins Coie LLP

By: */s/ Matthew J. Moffa*
    Matthew J. Moffa
    PERKINS COIE LLP
    1155 Avenue of the Americas, 22nd Floor
    New York, New York 10036-2711
    Tel: 212.262.6900
    Fax: 212.977.1649
    MMoffa@perkinscoie.com

    M. Craig Tyler
    (pro hac vice forthcoming)
    PERKINS COIE LLP
    500 W 2nd St, Suite 1900
    Austin, TX  78701-4687
    Tel: (737) 256-6113
    Fax: (737) 256-6300
    Email: CTyler@perkinscoie.com

    Adam G. Hester
    (pro hac vice forthcoming)
    PERKINS COIE LLP
    33 E Main Street, Suite 201
    Madison, WI 53703
    Tel:  650-838-4311
    Fax:  650-838-4350
    Email:  AHester@perkinscoie.com

    ***Attorneys for Defendant Informed Data Systems, Inc. d/b/a One Drop***

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 14, 2022, I served a true and correct copy of the foregoing document on all counsel of record via the Court's CM/ECF system.

By: */s/ Matthew J. Moffa*
Matthew J. Moffa