**PerkinsCoie**

1155 Avenue of the Americas
22nd Floor
New York, NY 10036-2711

T +1.212.262.6900
F +1.212.977.1649
PerkinsCoie.com

April 5, 2022

Matthew J. Moffa
MMoffa@perkinscoie.com
D. +1.212.261.6857

District Judge Jesse M. Furman
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Display Technologies, LLC v. InforMed Data Systems, Inc. d/b/a One Drop*, 1:22-cv-441 (S.D.N.Y.)

Your Honor,

Perkins Coie represents defendant Informed Data Systems, Inc. d/b/a One Drop ("One Drop"), which has moved under Rule 12 to dismiss the complaint in the captioned matter. (ECF No. 19.)

On March 15, 2022, Your Honor ordered plaintiff to file any amended complaint by April 4. (ECF No. 22.) Plaintiff did so yesterday. (ECF No. 23.) In that same order, Your Honor authorized One Drop, in response to any amended complaint, to file a letter on ECF indicating if it will rely on its previously filed motion.

Plaintiff's amended complaint merely repackages its original allegations, addressing none of the fatal deficiencies identified by One Drop's motion. The amended complaint is identical to the original complaint, except for new paragraphs 23, 23 (numbered twice), 24, 25, and 26, and a new exhibit repeating the allegations of plaintiff's original complaint in a so-called "claim chart." Not one change addresses, let alone renders plausible, plaintiff's unsupportable allegations (i) that One Drop's glucose monitor and mobile application are a "media system," (ii) that One Drop's glucose monitor is a "media node," or (iii) that a blood sugar measurement is a "digital media file." (*See* One Drop's motion, ECF No. 19, at 9-12.) Each deficiency alone warrants dismissal of Plaintiff's lone patent infringement claim.

Defendant One Drop relies on its previously filed motion (ECF No. 19) and respectfully asks the Court to dismiss the amended complaint.[1]

---

[1] One Drop's motion was directed to Plaintiff's claims of "literal" infringement. (ECF No. 19 at n.9). The amended complaint (in paragraphs 23 and 23 [sic]) now pays lip service to the "doctrine of equivalents." But that addition carries no weight, because the doctrine "must be applied to individual elements of the claim, not to the invention as a whole." *E-Pass Techs., Inc. v. 3Com Corp.*, 473 F.3d 1213, 1221 (Fed. Cir. 2007). Plaintiff did not add a single fact or argument from which to conclude that One Drop's products are plausibly the equivalent of a "media system" or "media node" or that a blood sugar measurement is plausibly the equivalent of a "digital media file," so One Drop's motion remain case-dispositive even as to the amended complaint.

Perkins Coie LLP

The Hon. Jesse M. Furman
April 5, 2022
Page 2

Respectfully Submitted,

/s/ Matthew J. Moffa

Matthew J. Moffa